IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GEORGE CAZARES, § | | |
| TDCJ #1166384, § | | |
| Petitioner, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-05-1688 | |
| § | | |
| DOUG DRETKE, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| Respondent. § | | |

**ORDER TO TRANSFER**

The petitioner, George Cazares, is an inmate in custody of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Cazares has filed a federal habeas corpus petition under 28 U.S.C. § 2254, seeking relief from a state court conviction. Specifically, he challenges a felony conviction entered against him in the 186th Judicial District Court of Bexar County, Texas. Because the petitioner plainly challenges a conviction entered in another district, the Court concludes that the Houston Division is not the appropriate venue and that this case should be transferred for the reasons set forth below.

Because the petitioner is confined pursuant to a judgment and sentence by a state court in Texas, which has more than one federal district, his petition is governed by 28 U.S.C. § 2241(d). Under that statute, jurisdiction is determined as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in

>   the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d).  The Fifth Circuit has clarified that, under this statute, a petitioner may seek habeas corpus relief *only* in the district in which his state court conviction was entered, or the district within which he is incarcerated.  *See Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).  The petitioner indicates that he is presently confined at the Estelle Unit, which is a prison facility in Huntsville, Texas, and which is located within the Southern District.  However, the underlying conviction that the petitioner seeks to challenge has no ties to Houston or the Southern District.  In that regard, his conviction was entered in Bexar County, which is located within the United States District Court for the Western District of Texas, San Antonio Division.  *See* 28 U.S.C. § 124(d)(4).

A district court for the district wherein an application for habeas corpus relief has been filed may, in the exercise of its discretion and in furtherance of justice, transfer the petition to another appropriate district court for hearing and determination.  *See* 28 U.S.C. § 2241(d).  Should a hearing ever be necessary in this case, the evidence and any witnesses concerning the petitioner's criminal proceeding are more likely to be found in the county where the judgment was entered.  Accordingly, the Court concludes that justice would be better served if this case were transferred to the district where the state court which convicted and sentenced the petitioner is located.  *See Story v. Collins*, 920 F.2d 1247, 1250 (5th Cir. 1991) (noting that accessibility of evidence and witnesses are grounds for changing venue

to a more convenient forum); *Bell v. Watkins*, 692 F.2d 999, 1013 (5th Cir.) (same), *cert. denied sub nom. Bell v. Thigpen*, 464 U.S. 843 (1983).

Therefore, the Clerk of Court is **ORDERED** to **TRANSFER** this case to the Clerk of the United States District Court for the Western District of Texas, San Antonio Division.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **May 12, 2005**.

_____
Nancy F. Atlas
United States District Judge